IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID E. SIERRA-LOPEZ,

                                                                                                      OPINION and ORDER

           Plaintiff,

                                                                                                  18-cv-60-bbc

    v.

JOHN DOE DIRECTOR/COMMISSION OF THE STATE OF WI,
MICHAEL DITTMAN, GOHDE, JESSE BEAVER, DONNA,
DETERS, ANDERSON, MAGGY, SCHMIDT-KNECHT,
MITCHELL, BATES, DITTMANN, BENNIGER, YAHNKEE,
JOHN DOE NURSE, WEBER, JOHN DOE SECURITY DIRECTOR,
LINDSAY WALKER, MEEKER and JOHN DOE DOCTOR,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In his proposed civil complaint, pro se plaintiff David E. Sierra-Lopez contends that prison staff at the Columbia Correctional Institution violated his constitutional rights. Because plaintiff is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A. However, I cannot conduct the required screening because plaintiff's complaint violates Rule 20 of the Federal Rules of Civil Procedure.

      Rule 20 prohibits litigants from bringing unrelated claims against different defendants in a single action. As explained in more detail below, plaintiff's complaint contains three, unrelated claims against different defendants. Accordingly, plaintiff must choose which lawsuit he wishes to pursue as Case No. 18-cv-60-bbc. Once plaintiff has made his selection, I will then screen that claim under 28 U.S.C. § 1915A. The other, unrelated claims will be dismissed without prejudice, which means that plaintiff may bring them in new, separate lawsuits.

1

OPINION

Fed. R. Civ. P. 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff: (1) asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's complaint includes at least three claims against different sets of defendants concerning denial of medical care for different ailments.

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against defendants in a single suit, this rule applies only after Rule 20's requirements for joinder of parties have been satisfied. Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983). This means that the core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those same defendants under Rule 18. Fed. R. Civ. P. 18(a).

Applying Rules 18 and 20 to plaintiff's complaint, his allegations may be grouped into three possible, separate lawsuits consisting of the following claims:

**Lawsuit #1**: Plaintiff's claims that several individuals failed to provide him acetaminophen after his tonsils were removed in March 2017.

**Lawsuit #2**: Plaintiff's claims that prison staff failed to provide treatment for his depression and failed to prevent him from harming himself in May 2017.

**Lawsuit #3**: Plaintiff's claim that he was given the wrong heart medication in June

2017.

Although plaintiff may believe that all of his claims are related because they concern medical care, a review of the claims shows that there is no clear connection among them that would satisfy Rule 20. A review of the claims shows that there are no overlapping questions of law or fact among them. Fed. R. Civ. P. 20 (joinder of defendants permissible only if there is a "question of law or fact common to all defendants"). Instead, the claims in each of plaintiff's three possible lawsuits involve distinct incidents that occurred at different times and places and involved different individual defendants. Moreover, plaintiff has alleged no facts to support a conclusion that the individual defendants were involved in the same transaction, occurrence or series of transactions. Finally, it is not enough that plaintiff has named the warden and health services manager as defendants on each claim, as his allegations are not sufficient to state a claim against the warden and health services manager. Supervisors may be liable under 42 U.S.C. § 1983 only if they are "personally responsible for the deprivation of the constitutional right." Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001) (quoting Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995)). Plaintiff's allegations do not suggest any basis for holding these supervisory officials personally responsible for alleged constitutional violations that form the basis of his claims.

Because Rule 20 prohibits plaintiff from proceeding with all of his claims in the same lawsuit, he will have to choose which of these distinct claims he wants to pursue in this lawsuit. The court will then assign that lawsuit to this case number and apply to it the initial, partial payment that plaintiff has already made. Plaintiff may choose to pursue his

other claims as well, but must do so separately, paying a separate filing fee for each additional lawsuit he chooses to pursue. In addition, plaintiff may be subject to a separate "strike" under 28 U.S.C. § 1915(g) for any such lawsuit that is dismissed for failure to state a claim upon which relief may be granted. (Once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full filing fee, except in very narrow circumstances. 28 U.S.C. § 1915(g).) Alternatively, plaintiff may choose to dismiss one or more of his other possible lawsuits. If he chooses this route, he will owe no additional filing fee and he will not face a strike for filing these lawsuits. A lawsuit dismissed voluntarily would be dismissed without prejudice, so plaintiff would be able to bring it at another time, so long as he files it before any applicable statute of limitations has run.

Because it is not clear at this time which of his separate lawsuits plaintiff will pursue, he should be aware that I have not reached any opinion about the merits of any claims raised in any of the lawsuits outlined above. Once plaintiff identifies the suit or suits he wants to continue to litigate, I will screen those claims as required under 28 U.S.C. § 1915A. Because plaintiff faces filing fees and potential strikes for each lawsuit pursued, he should consider carefully the merits and relative importance of each of his potential lawsuits before informing the court how he chooses to proceed with respect to some or all of them. If plaintiff disagrees with the way the court has grouped his claims or if he believes the court has left out claims he intended to assert or that it has included claims he did not intend to assert , he may also raise those objections in his response, provided he still complies with this order and chooses which of the three lawsuits he chooses to pursue. If he fails to do this, the court will

4

have no choice but to dismiss all of his claims for his failure to prosecute the case.

ORDER

IT IS ORDERED that

1. Plaintiff David E. Sierra-Lopez may have until April 4, 2018, to identify for the court which of the numbered lawsuits identified above he wishes to litigate under the number assigned to this case. Plaintiff must pick one and only one of these lawsuits to go forward under Case No. 18-cv-60-bbc.

2. Plaintiff may have until April 4, 2018, to advise the court whether he wishes to pursue either of the other lawsuits under separate case numbers. If he does choose to go forward on more than one suit at this time, he should be prepared to make a partial  Any lawsuit not specifically identified to proceed will be deemed voluntarily withdrawn.

3. If plaintiff fails to respond to this order in any way by April 4, 2018, the court will enter an order dismissing the lawsuit as it presently exists without prejudice for plaintiff's failure to prosecute.

Entered this 21st day of March, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge